**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Stephen A. Dillman</u>

    v.                                                           Civil No. 04-cv-482-JM

<u>Town of Hooksett</u>

### ORDER OF CERTIFICATION

Pursuant to Rule 34 of the Rules of the Supreme Court of New Hampshire, the United States District Court for the District of New Hampshire hereby certifies the following question of New Hampshire law, which may be determinative of a cause pending before it and as to which there appears to be no controlling precedent in the decisions of the Supreme Court:

> Whether, under New Hampshire law, including N.H. RSA 273-A, an individual public sector union member may be assigned his union's right under N.H. RSA 542:8 to seek a vacation confirmation correction or a modification of an arbitration award entered in an arbitration conducted pursuant to a collective bargaining agreement between the member's union and his employer.

<u>Statement of Relevant Facts</u>

Stephen A. Dillman was a member of the Hooksett Permanent Firefighter Association I.A.F.F., Local 3264 ("Union"). The Union, as a certified union for Hooksett firefighters, had a

1

collective bargaining agreement with the Town of Hooksett.  That agreement, in recognition of the requirements of N.H. RSA 542:1 and <u>Appeal of International Association of Firefighters, AFL-CIO, Local 1088 v. City of Berlin</u>, 123 N.H. 404, 409 (1983), specifically provided in the grievance article that:

> This Article shall be subject to the
> provisions of N.H. RSA 542.

Document no. 2, Exhibit A, Article 16, ¶ 7.

   The Town of Hooksett terminated Mr. Dillman on May 24, 2002. The Union filed and pursued a grievance with the Town with respect to the firing.  After following the agreement's grievance procedure, an arbitration was held in accordance with the agreement, the Arbitrator entered her award finding that the Town had "just cause" for terminating Dillman.

   Dillman, alleging that he has been assigned the Union's rights under N.H. RSA 542:8 to seek review, modification and correction of the award, brought suit in Merrimack County Superior Court.  Defendant, alleging a federal question, removed the case to federal court.  Defendant has moved to dismiss the case for lack of subject matter jurisdiction, arguing that plaintiff lacks standing under N.H. RSA 542:8 directly or by any purported assignment.  The "Assignment & General Release" is

attached as Exhibit A.

When, in situations such as this, a federal court is called upon to apply state law, it must "take state law as it finds it: 'not as it might conceivably be, some day; nor even as it should be.'" Kassel v. Gannett Co., Inc., 875 F.2d 935, 950 (1st Cir. 1989) (quoting Plummer v. Abbott Laboratories, 568 F. Supp. 920, 927 (D.R.I. 1983)). When state law has been authoritatively interpreted by the state's highest court, this court's role is straightforward: it must apply that law according to its tenor. See Kassel, 875 F.2d at 950. When the signposts are somewhat blurred, the federal court may assume that the state court would adopt an interpretation of state law that is consistent with logic and supported by reasoned authority. See Moores v. Greenberg, 834 F.2d 1105, 1107 n.3 (1st Cir. 1987). However, this court is and should be hesitate to blaze new, previously uncharted state-law trails. Accordingly, when a dispositive legal question is novel and the state's law in the area is unsettled, certification is often appropriate. See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974); Arizonans for Official English v. Arizona, 520 U.S. 43, 76 (1997). See also Acadia Ins. Co. v. McNeil, 116 F.3d 599, 605 (1st Cir. 1997).

N.H. RSA 542:8 permits appeal by parties from arbitration awards. N.H. RSA 542:1 clearly restricts the application of RSA 542 to arbitration agreements by employers and associates of employers which specifically are subject to the chapter. Here the parties are the Town and the Union, not Mr. Dillman. A public bargaining unit, such as the Hooksett Permanent Firefighters, is certified under N.H. RSA 273-A:11 as the exclusive representative in the resolution of grievances. In similar circumstances at least two other states have determined that a union's purported assignment to an individual union member is ineffective and contrary to public policy. See Martin v. City of O'Fallon, 283 Ill. App.3d 830, 835-6, 670 N.E.2d 1238 (1996); Padovano v. Borough of East Newark, 329 N.J. Super. 204, 212-3, 747 A.2d 303, 307-8 (2000). The right to assign the claim of a bargaining unit to an individual has not been determined under New Hampshire law.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 2, 2005
cc:   Warren D. Atlas, Esq.
      Thomas B. Merritt, Esq.
      Richard C. Mooney, Esq.