UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Stephen A. Dillman

    v.                                              Civil No. 04-cv-482-JM

Town of Hooksett


**O R D E R**


Plaintiff Stephen A. Dillman was terminated from his employment with the Defendant, Town of Hooksett, New Hampshire (the "Town"), on May 24, 2002.  At the time he was terminated, Plaintiff was a member of the Hooksett Permanent Firefighters' Association I.A.F.F., Local 3264 (the "Union").  The Union filed a grievance on the Plaintiff's behalf pursuant to a Collective Bargaining Agreement in force between the Town and the Union.

The dispute was eventually presented to an arbitrator for resolution.  In a decision dated November 8, 2004, the arbitrator found, among other things, that the Town had just cause to terminate the Plaintiff.  The Union assigned its rights under New Hampshire Revised Statutes Annotated ("RSA") 542:8 to seek review

of the arbitrator's decision to the Plaintiff.[1]

On November 9, 2004, the Plaintiff filed a petition in the New Hampshire Superior Court, Merrimack County, seeking review of the arbitrator's award under RSA 542:8.  Since the Plaintiff claimed in his petition that the Town violated his right to due process under the Fourteenth Amendment to the United States Constitution, the Town removed the action to this court on December 20, 2004.  See Document No. 1.  On May 27, 2005, the Town filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) (lack of jurisdiction over the subject matter).

In its motion, the Town argues that the Plaintiff lacks standing under RSA 542:8 to seek to vacate or modify the arbitration award, notwithstanding the Union's purported assignment, because the Plaintiff was not a party to the arbitration.  Plaintiff filed an objection in which he argued

---

[1]The statute provides in relevant part:

> At any time within one year after the award is made any party to the arbitration may apply to the superior court for an order confirming the award, correcting or modifying the award for plain mistake, or vacating the award for fraud, corruption, or misconduct by the parties or by the arbitrators, or on the ground that the arbitrators have exceeded their powers.

RSA 542:8.

that there was no New Hampshire case law that prohibited the assignment of the right to petition for review of an arbitrator's decision under RSA 542:8.  After reviewing the parties' filings, the Court agreed that this issue had not been determined under New Hampshire law.  Pursuant to New Hampshire Supreme Court Rule 34, the Court certified the following question of law to the New Hampshire Supreme Court for consideration:

> Whether, under New Hampshire law, including N.H. RSA 273-A, an individual public sector union member may be assigned his union's right under N.H. RSA 542:8 to seek a vacation, confirmation, correction, or modification of an arbitration award entered in an arbitration conducted pursuant to a collective bargaining agreement between the member's union and his employer.

See Document No. 21.

In an opinion issued on April 7, 2006, the New Hampshire Supreme Court concluded that "the assignment of a union's right under RSA 542:8 to apply to seek confirmation, correction, modification, or vacation of an arbitration award to an individual employee is contrary to the public policy articulated by the legislature when enacting the New Hampshire Public Employee Labor Relations Act, RSA chapter 273-A."  Dillman v. Town of Hooksett, No. 2005-564, --- A.2d ---, 2006 WL 889565 at *4 (N.H. Apr. 7, 2006).  In accordance with that finding, the

3

court answered the certified question in the negative.  Id.

Since the New Hampshire Supreme Court has now conclusively determined that the purported assignment of the Union's rights under RSA 542:8 to the Plaintiff is invalid under New Hampshire law, the Court finds that the Plaintiff does not have standing to bring this lawsuit.  The absence of standing presents a constitutional defect that deprives this court, and the New Hampshire state courts, of subject matter jurisdiction. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541-542 (1986) (standing is a jurisdictional question); Hughes v. New Hampshire Div. of Aero., 152 N.H. 30, 35, 871 A.2d 18, 24 (2005) (a party's standing to bring suit is a question of subject matter jurisdiction that may be raised at any time).  Accordingly, the Town's motion to dismiss the Plaintiff's petition under Fed. R. Civ. P. 12(b)(1) (document no. 15) is granted.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: April 11, 2006

cc:  Richard C. Mooney, Esq.
     Thomas B. Merritt, Esq.
     Warren D. Atlas, Esq.